THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* GABRIEL DELGADO HERNÁNDEZ, Defendant and Appellant.

No. Cr–62–297. Decided March 15, 1963.

*Israel Delgado Ramos* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *J. F. Rodríguez Rivera, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE HERNÁNDEZ MATOS delivered the opinion of the Court.

On July 14, 1961 the Justice of the Peace of Las Piedras, on the basis of a sworn statement given before him by a policeman, issued a warrant to search for clandestine alcoholic beverages in a certain residence of citizen Modesto Delgado, situated in the place Las Parcelas of the ward of Daguao of the Municipality of Naguabo. The officer and two other fellow workers proceeded the next day to carry out the search. Modesto was not at home at the time, but his son Gabriel Delgado Hernández and the latter's wife were there.

Clandestine alcoholic beverages were not found there, but, according to the testimony given at the trial by one of the officers: " . . . while we were searching the house, we found behind a bed, in a room, a German pistol, caliber 7.65, series 143595." Upon finding the pistol, Gabriel told them that that weapon "was his, that a friend had given it to him to be cleaned."

Four days later the district attorney charged Gabriel before the Superior Court, Humacao Part, with a violation of § 6 of the Weapons Law, consisting in having and possessing a firearm (pistol) without a license.

In the trial court defendant moved to set aside the search warrant on the ground that "the sworn statement of police officer William Santiago Paredes on which the warrant was issued . . . is insufficient to determine probable cause."

The question having been argued by the parties, the Superior Court denied the motion and proceeded to hear the case on the merits. The People produced as witness one of the officers who carried out the search and seized the pistol. The weapon was offered and admitted in evidence. Defendant only offered in his defense the testimony of the officer who gave the sworn statement on which the search warrant was issued. He did not testify at the trial. The case having been submitted, the court found Gabriel Delgado Hernández guilty of a violation of § 6 of the Weapons Law [1] and imposed on him a penalty of one-year imprisonment in jail. [2]

Defendant alleges before us that the trial court erred in holding that the officer's sworn statement was sufficient to issue the search warrant and in holding that the latter was not null and void notwithstanding the issuing magistrate had added therein "facts which that magistrate did not have before him."

▮ He is not right in his first assignment. In our opinion, the officer's affidavit was sufficient at law to issue the search warrant. A brief reading of the warrant is sufficient to convince us. [3]

---

[1] This section provides as follows:

"Any person who has or possesses any pistol, revolver, or other firearm without having a license therefor issued as hereinafter provided, shall be guilty of a misdemeanor and, if previously convicted of any violation of this chapter, or of any of the offenses specified in section 427 of this title, or uses the weapon in the commission of any of such offenses, shall be guilty of a felony."

[2] The penalty provided by the statute for this violation is "imprisonment in jail for a term of not less than six (6) months nor more than two (2) years."

[3] The statement reads as follows:

"In the Justice of the Peace Court of Puerto Rico, Las Piedras Part. The United States of America, The President of the United States, The People of Puerto Rico v. Modesto Delgado, resident in Parcelas, ward of Daguao of Naguabo, P. R. Sworn statement of police officer William Santiago Paredes, No. 2408. In Las Piedras, Puerto Rico, on July 14, 1961, there appears before this court police officer William Santiago Paredes, No. 2408, of full age, resident of Humacao, P. R., and after being duly sworn in pursuance of law,

■ He is not right either in the second assignment. The relation of the content of the affidavit made by the Justice of the Peace in the search warrant agrees substantially with the statement of facts made by the officer in his affidavit. A slight variance in the manner of relating the same facts or acts does not amount to "adding facts which the magistrate did not have before him."

■ In view of the foregoing, the reversal of the judgment appealed from does not lie. However, considering the surrounding circumstances in this case, and on the authority of the powers vested in this Court to that effect by § 28 of the Penal Code and § 364 of the Code of Criminal Procedure, we believe that the penalty of one-year imprisonment in jail imposed on appellant should be modified fixing the same at six months' imprisonment.

■ ■ Generally, we have assumed that the trier has exercised wisely and correctly the discretion granted to him by law to determine the penalty to be imposed on defendant whenever the disclosures of the record do not justify otherwise. In the instant case, it seems that this is the first time that this young man, defendant-appellant, is held to answer for a public offense. The record of the appeal shows that

---

declares: That my name, surname and other personal particulars are those stated hereinabove. That I know for a fact, because I have witnessed it, that Modesto Delgado, who lives in a zinc-roofed frame house having a door on the north side, a window on the south, a door and a window on the east, a door and a window on the west, no porch and the roof painted red, situated in Las Parcelas of the Ward of Daguao of Naguabo, P. R., keeps there in his residence, in his possession and for purposes of sale, clandestine alcoholic beverages (cane rum), without the internal-revenue stamps of Puerto Rico which establish payment of the excises being affixed to the containers of such beverages. That I know for a fact that Modesto Delgado possesses and sells cane rum because on July 13, 1961, at 10:00 a.m., I was in Las Parcelas in the ward of Daguao of Naguabo, P. R., on official business and I arrived at the house of Modesto Delgado and the latter and I engaged in a conversation in the *batey*. An individual arrived a few minutes later and asked Modesto for a drink of rum. That Modesto asked the individual to go inside the house, that he was going there immediately, and then invited me to go in. He went

714

as soon as the pistol was found in his father's house, he admitted keeping and possessing the same. The prosecution evidence itself establishes that such keeping or possession was due to the fact that a friend had asked him to clean the pistol, the evidence disclosing the possibility that the weapon did not belong to defendant. At the trial he did not deny keeping or possessing it. The concurrence of aggravating circumstances in the commission of the offense was not shown. The set of facts in this appeal gives us the impression of a son who, unexpectedly, is willing to bear the consequences of the presumptive wrongful acts of his father.

The judgment will be modified imposing on defendant-appellant a penalty of six months' imprisonment in jail and, as thus modified, it will be affirmed.

first and I followed him. That Modesto went directly to a room and came out carrying in his hands a one-gallon glass container, half full, and laid it on a table where he served a drink in a glass for the man who had arrived. That this individual said to me: 'My friend, have a drink,' and at the same time said to Modesto: 'Serve a drink, Don Modesto.' I said: 'A small one, Don Modesto, to taste it only, because I'm not used to drink.' That Don Modesto served the drink of rum in another glass and I smelled it first and it was cane rum, I took it then and it was actually cane rum. That the individual started to talk with Don Modesto and I bid then good-by and left. In view of the foregoing statement, the facts of which are known to me, I move this Honorable Court to issue a search warrant to search Modesto Delgado's residence described hereinabove, in order to seize therein any container of cane rum, a clandestine beverage on which excise taxes have not been paid to the Hon. Secretary of the Treasury of P. R. (s) William Santiago Paredes, No. 2408. Sworn and subscribed to before me this 14th day of July 1961. (s) F. Rodríguez, Judge."